**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RALPH COUNTRYMAN, | 3:07-CV-0052-PMP (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| BACA, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Philip M. Pro, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Partial Dismissal (Doc. #75[1]). Plaintiff has filed an opposition/motion to strike (Doc. #83), and Defendants have replied (Doc. #85). After a thorough review, the court recommends that the motion should be granted dismissing Counts IV and V of the amended complaint.

## I. BACKGROUND

**A.   Counts IV and V of the First Amended Complaint**

This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983. At all relevant times, Plaintiff Ralph Countryman ("Plaintiff") was an inmate in custody of the Nevada Department of Corrections ("NDOC") at Southern Desert Correctional Center ("SDCC") and Nevada State Prison ("NSP").

///

---

[1] Refers to the court's docket number.

1

The First Amended Complaint ("FAC") (Doc. #63) reflects the claims contained in two separate but related actions that were removed to this district: (1) the above-captioned matter and (2) *Countryman v. Williams, et al.*, Case No. 2:08-CV-255-RCJ-RJJ ("the '255 action"). Both lawsuits concern Plaintiff's right to possess copies of certain religious texts.

Only Counts IV and V of the FAC are implicated by the instant motion.[2] Count IV arose while Plaintiff was confined at SDCC. It alleges that prison officials violated Plaintiff's Fourteenth Amendment right to equal protection when they confiscated his hardbound Bible. (Doc. #63 at 13.[3]) Warden Williams and Property Sergeant Jaeger are named as defendants in this Count. (*Id.* at 16.)

Count V of the FAC arises from the same facts as Count IV. It alleges a violation of Plaintiff's Fourteenth Amendment right to due process. Defendants Williams and Jaeger are again named in this count, as well as Defendant Rexwinkel, the Deputy Director of NDOC. (*Id.* at 17-18.)

Defendants move to dismiss these claims on the basis that they were previously adjudicated in the '255 action. Therefore, it is necessary to briefly summarize that lawsuit.

**B.    The '255 Action**

In *Countryman v. Williams, et al.*, Plaintiff alleges that Defendants violated Plaintiff's constitutional rights and 42 U.S.C. § 2000cc (also known as the Religious Land Use and Institutionalized Persons Act or "RLUIPA") when Defendants at SDCC confiscated Plaintiff's Bible due to its hardbound cover.

///

---

[2] Counts I and II of the FAC duplicate the first two counts of the original complaint in this action. These claims arose while the plaintiff was confined at NSP and not permitted to possess a hardbound copy of a book called "Analytical Lexicon." Based on this deprivation, he alleges a violation of his First Amendment rights as well as his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Count III states a claim for the violation of Plaintiff's rights under the Fourteenth Amendment and RLUIPA due to an alleged ban on the receipt of religious texts at NSP. These claims are not the subject of the instant motion.

[3] Refers to his handwritten page numbering appearing at the bottom of the document.

This complaint consists of two counts. Count I alleges a violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment as well as a statutory claim under RLUIPA. Defendants Williams and Jaeger are named in this count. (Case No. 2:08-CV-255-RCJ-RJJ, Doc. #1, at 8-9.)

Count II alleges a due process violation based on the same conduct. Defendants Jaeger and Williams are named in this count. (Doc. #63 at 7.)

In November 2008, this court granted Defendants' Motion to Dismiss (Doc. #36). On the merits of Plaintiff's First Amendment, Equal Protection, Due Process, and RLUIPA claims, the court found that there had been no violation of Plaintiff's rights. (*Id*.) Additionally, the court found that even had there been a constitutional violation, the defendants were entitled to qualified immunity. (*Id*. at 16.) Accordingly, judgement was entered in favor of Defendants Williams and Jaeger. Plaintiff also made a motion to consolidate the '255 action and this lawsuit, which was denied as moot. (*Id*.)

**C.   Recent Procedural History**

In this lawsuit, Plaintiff filed an identical motion to consolidate the actions as above, which the court granted. (Doc. #61.) This motion was moot since the '255 action had already been terminated. The motion also amended the complaint to add new claims and new parties. (*Id*.) The claims consolidated from the dismissed '255 complaint and a derivative claim asserted against a new defendant are the subject of the instant motion.

## II. LEGAL STANDARD

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Inter'l v. Ariz. Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id*. at 1965. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim

3

is and the grounds upon which it rests." *Id.* at 1964 (internal quotations and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Id.* at 338. A complaint may be dismissed as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain from the complaint that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

### III. DISCUSSION

**A.   RES JUDICATA**

Res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues that were or could have been raised in that action. *Rein v. Providian Financial Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001). Claim preclusion is appropriate where: (1) the parties are identical or in privity, (2) the judgment in the prior action was rendered by a court of competent jurisdiction, (3) there was a final judgment on the merits, and (4) the same claim or cause of action was involved in both suits. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). To determine whether successive lawsuits involve the same claim, the court analyzes the following:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Applying the *Owens* factors, the court finds that Count IV of this action contains the same two defendants as Count I of the '255 action, Warden Williams and Property Sergeant Jaeger. The '255 action was properly removed to this court, and hence there is no jurisdictional infirmity. Additionally, the '255 action involved a final judgments on all the claims asserted by the plaintiff, as set forth above. Finally, applying the *Constantini* factors, the court finds that the same equal protection claim involving the confiscation of a hardbound Bible at SDCC is involved in both actions. Therefore, the res judicata effect of the dismissal of Count I in the '255 action bars Plaintiff from bringing Count IV in the present lawsuit. It accordingly should be dismissed.

The court reaches a similar conclusion with respect to Count V of the FAC, which is similar to Count II dismissed in the '255 action. With the exception of Defendant Rexwinkel, who was not named in the '255 action, the parties are the same and a final judgment was rendered on the merits of the due process claim. Accordingly, the claims in Count V should be dismissed against Defendants Williams and Jaeger.

**B.    DEFENDANT REXWINKEL**

In addition to claims carried over from the '255 action, Count V of the amended complaint states a claim against a newly added party, Defendant Rexwinkel. This is a claim for derivative liability for the violation of Plaintiff's due process rights based on the failure of Rexwinkel to properly supervise his subordinate employees. (Doc. #63 at 17.) Defendant Rexwinkel was not, however, a party named in the '255 action. Therefore, for res judicata to apply, there must be some sort of privity between Defendants Williams and Jaeger and Defendant Rexwinkel. *Owens*, 244 F.3d at 713.

/ / /

The Ninth Circuit Court of Appeals has defined privity in the res judicata context as "a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d 875, 8881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)). The following types of relationships allow res judicata to apply against the non-party:

> First, a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party. Second, a non-party who controlled the original suit will be bound by the resulting judgment. Third, federal courts will bind a non-party whose interests were represented adequately by a party in the original suit.

*Id.* at 95.

In this case, the mere fact that Defendant Rexwinkel was employed by NDOC and sued in that capacity is insufficient to establish a privity relationship. Additionally, no property interest was involved, and Defendant Rexwinkel hardly "controlled" the '255 litigation. The interests of this defendant were, however, adequately represented in the initial suit. This is because Rexwinkel's liability derives from an alleged constitutional violation committed by Defendant Williams and Jaeger who, according to Plaintiff's allegations, were "subordinate employee's [sic]". Therefore, if there was no primary constitutional violation of Plaintiff's due process rights, then there can be no derivative liability for Defendant Rexwinkel based on a failure to properly supervise. To the extent that Defendants Jaeger and Williams established that there was no violation of Plaintiff's rights in the '255 action, they adequately represented Defendant Rexwinkel's interests as they are now implicated in the instant FAC. Therefore, the court finds that there was sufficient privity so that the res judicata bar extends to the claim alleged against Defendant Rexwinkel in Count V. Accordingly, it should be dismissed.

C.  **MOTION TO STRIKE**

In his opposition, Plaintiff alternatively argues that the motion to dismiss should be stricken. This contention lacks merit. Plaintiff alleges that the Defendants have improperly submitted ex parte exhibits to the court. To the contrary, no exhibits were included with the

1  motion to dismiss, which only refers to the case docket. The court clerk mails Plaintiff a copy
2  of all documents filed with that office. Second, Plaintiff contends that Defendants are
3  "technically in default" because they did not timely answer the FAC. The court has already
4  rejected this argument. *See* Doc. #73 (rejecting Plaintiff's motion for default judgement (Doc.
5  #70)). Accordingly, the motion to strike should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** the Motion to Dismiss (Doc. #75) Counts IV and V of the Amended Complaint with prejudice and **DENYING** the Motion to Strike (Doc. #83).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DISMISSING** Defendants Williams, Jaeger, and Rexwinkel with prejudice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: June 24, 2009.

_____
UNITED STATES MAGISTRATE JUDGE